UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENISA DENINA M.,

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 3:19-cv-05042-RAJ-BAT

**ADDENDUM TO REPORT AND RECOMMENDATION (DKT. 13)**

   On August 8, 2019, the undersigned issued a Report and Recommendation recommending that the Court reverse the Commissioner's final decision and remand this case for further administrative proceedings. Dkt. 13. Plaintiff immediately filed objections to the Report and Recommendation, noting that the undersigned failed to address her argument in favor of remand for immediate calculation of benefits. Dkt. 14 (citing Dkt. 12, pp. 4-5 (reply brief); Dkt. 10, p. 8 (asking the Court to credit certain evidence as true); Dkt. 11, p. 14 (Defendant's brief). Plaintiff otherwise takes no issue with the Report and Recommendation. Dkt. 13.

   Although Plaintiff argues for an award of benefits, she also recognizes that further proceedings are necessary to resolve the errors noted in the Report and Recommendation. *See* Dkt. 10, p. 6 (emphasis added) ("Here, the ALJ never gave the VE the opportunity to address whether the conflict could be resolved … *remand for further proceedings is necessary* to resolve this error.") In her opening brief, Plaintiff states in her conclusion that "[t]he ALJ's decision should be reversed *and remanded for further proceedings*." Dkt. 10, p. 9 (emphasis added).

**ADDENDUM TO REPORT** AND
RECOMMENDATION (DKT. 13) - 1

With regard to crediting certain evidence as true, the law "permits, but does not require," a finding of disability when "there are no outstanding issues on which further proceedings in the administrative court would be useful." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Even in such circumstances, courts must ascertain whether "a careful review of the record discloses no reason to seriously doubt that [the claimant] is, in fact, disabled" before directing a finding of disability. *Garrison v. Colvin*, 759 F.3d 995, 1023 (9th Cir. 2014). Given these stringent requirements, the proper course upon a finding of harmful error is a remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

The opinion of Dr. Valette must be reassessed to determine if in fact, a conflict exists between his opinion and the RFC. The opinion of Dr. Weiss must be reassessed to determine whether Plaintiff's limitations in the areas of memory, fund of knowledge, concentration, and insight and judgment severely impair her ability to perform activities within a regular schedule. These tasks appropriately lie with the ALJ. Further proceedings are thus needed and are appropriate.

## CONCLUSION

Based on the foregoing and the Court's Report and Recommendation (Dkt. 13), the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical opinions of Dr. Valette and Dr. Weiss. Thereafter, the ALJ should make new findings at step two of the sequential evaluation process; make a new RFC assessment, and new findings at step five of the sequential evaluation process.

Any objections to the Report and Recommendation (Dkt. 13), the attached proposed order or this Addendum, must be filed and served no later than **August 29, 2019**. If no objections are filed, the Clerk shall note the matter for **September 2, 2019** as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed **eight** pages. The failure to timely object may affect the right to appeal.

DATED this 9th day of August, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge